IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-01175-PAB-MJW

GERALD MCCOLLUM,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT UNITED STATES OF AMERICA'S PARTIAL MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 22)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 9) issued by Judge Philip A. Brimmer on May 14, 2012.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Gerald McCollum asserts the following in his Complaint (Docket No. 1) and in his three granted motions to amend (Docket Nos. 20, 27, 34).  Plaintiff is currently in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Lewisburg, Pennsylvania.  On August 17, 2012, while being escorted by several BOP employees, plaintiff was ordered to "shut-up."  When plaintiff failed to comply, he was "viciously thrown to the ground and kneed in [his] back."  Plaintiff claims he suffered a severe back injury yet failed to receive medical care until seventeen days later.  Further, plaintiff claims that when he did receive medical attention, only an x-ray

was performed, and staff refused to do a MRI in order to cover up the injury.

Liberally read, plaintiff's Complaint appears to assert two claims, both of which seek damages under the Federal Tort Claims Act ("FTCA"). The first claim asserts that BOP employees committed an unlawful assault and battery on him. The second claim asserts medical negligence by defendant.

## PENDING MOTION

Now before the court for a report and recommendation is Defendant United States of America's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 22). Defendant argues that plaintiff's claim for medical negligence should be dismissed because plaintiff failed to file a certificate of review as required by Colorado law.

The court has carefully considered the Complaint (Docket No. 1), the additional factual allegations contained in plaintiff's motions to amend (Docket Nos. 20, 27, 34), the motion to dismiss (Docket No. 22), plaintiff's response (Docket No. 25), and defendant's reply (Docket No. 38). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

4

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

5

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**Certificate of Review**

As a sovereign entity, the United States is immune from suit absent a showing that it has consented to be sued. Sydnes v. United States, 523 F.3d 1179, 1182-83 (10th Cir. 2008) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)). The FTCA lists many types of claims for which the United States has consented to be sued. Among those claims is suits seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent wrongful act or omission of" a federal employee acting within the scope of his or her employment. 28 U.S.C. § 1346(b). Threshold jurisdictional and procedural issues, including the interpretation of the various exceptions to the waiver of immunity, are governed by federal law. Franklin v. United States, 992 F.2d 1492, 1495 (10th Cir. 1993). However a substantive question, such as "the extent of the United States' liability under the FTCA, is generally determined by reference to state law." Molzof v. United States, 502 U.S. 301, 305 (1992).

The Tenth Circuit has held that Colorado's certificate of review requirement is a "substantive, rather than procedural, rule of law." Trierweiler v. Croxton & Trnech Holding Corp, 90 F.3d 1523, 1541 (10th Cir. 1996). Colorado law requires plaintiffs claiming negligence against licensed professionals to file with the court a certificate of review within sixty days of service of the complaint. C.R.S. § 13-20-602(1)(a). Failure

to file the required certificate of review results in dismissal of the claim. C.R.S. § 13-20-602(4). The certificate of review requirement applies to *pro se* parties, including *pro se* prisoners. See Cestnik v. Fed. Bureau of Prisons, 84 Fed. Appx. 51, 54 (10th Cir. 2003); State v. Nieto, 993 P.2d 493, 504 (Colo. 2000).

It is uncontested that plaintiff did not file a certificate of review with the court. Indeed, beyond his admission that he did not file a certificate, plaintiff also states that he has no intent of pursing a "medical negligence" claim. Therefore, given plaintiff's failure to file a certificate of review, and his admission that he did not intend make a medical negligence claim, the court finds that dismissal of plaintiff's medical negligence claim is appropriate.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant United States of America's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 22) be **GRANTED** and plaintiff's claim for medical negligence be dismissed.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

7

**and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  August 13, 2012          s/ Michael J. Watanabe
       Denver, Colorado         Michael J. Watanabe
                                     United States Magistrate Judge