IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01175-PAB-MJW

GERALD McCOLLUM,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**RECOMMENDATION  ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Docket No. 78)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 9)

issued by Judge Philip A. Brimmer on May 14, 2012.

**PROCEDURAL HISTORY**

On August 13, 2012, this court entered a Recommendation (Docket No. 43)

recommending that Defendant's Partial Motion to Dismiss (Docket No. 22) be granted.

Specifically, the court recommended that plaintiff's medical negligence claim be

dismissed.  On September 5, 2012, Judge Brimmer entered an Order (Docket No. 45)

accepting the court's recommendation.

Plaintiff's single remaining claim is brought pursuant to the Federal Tort Claims

Act ("FTCA"), and alleges that he was subjected to an unlawful assault and battery by

United States Federal Bureau of Prisons correctional officers on August 17, 2011.

2

**PENDING MOTION**

Now before the court is Defendant's Motion for Summary Judgment (Docket No.

78).  The court has carefully considered the motion for summary judgment (Docket No.

78), plaintiff's response (Docket No. 88), and defendant's reply (Docket No. 90).  In

addition, the court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

Rule 56(a) provides that summary judgment shall be granted "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party seeking summary

judgment bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the pleadings, depositions, interrogatories, and

admissions on file together with affidavits, if any, which it believes demonstrate the

absence of genuine issues for trial."  Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of

Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477

U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir.

1992)).  "Once a properly supported summary judgment motion is made, the opposing

party may not rest on the allegations contained in the complaint, but must respond with

specific facts showing the existence of a genuine factual issue to be tried . . . .  These

facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c),

except the mere pleadings by themselves.'"  Southway v. Central Bank of Nigeria, 149

F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

However, "[i]n order to survive summary judgment, the content of the evidence that the

nonmoving party points to must be *admissible*.  The nonmoving party does not have to

produce evidence in a form that would be admissible at trial, but the content or

substance of the evidence must be admissible.  Hearsay testimony that would be

inadmissible at trial cannot be used to defeat a motion for summary judgment because

a third party's description of a witness supposed testimony is not suitable grist for the

summary judgment mill."  Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242,

1246 (10th Cir. 2000) (internal citations and quotations omitted).

        "Summary judgment is also appropriate when the court concludes that no

reasonable juror could find for the non-moving party based on the evidence presented

in the motion and response."  Southway, 149 F. Supp. 2d at 1273.  "The operative

inquiry is whether, based on all documents submitted, reasonable jurors could find by a

preponderance of the evidence that the plaintiff is entitled to a verdict."  Id.

"Unsupported allegations without 'any significant probative evidence tending to support

the complaint' are insufficient . . . as are conclusory assertions that factual disputes

exist."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting

White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented must

be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for

summary judgment."  Id. at 1274.  "Summary judgment should not enter if, viewing the

evidence in a light most favorable to the non-moving party and drawing all reasonable

inferences in that party's favor, a reasonable jury could return a verdict for that party."

Id. at 1273.

        Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

4

attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a *pro se* litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170,

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not

"construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  "The plaintiff's *pro se* status does not entitle him to application of

different rules."  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**1. Summary of the Case**

Plaintiff's allegations arise from an incident which occurred while plaintiff was

incarcerated in the Special Management Unit ("SMU") at the United States Penitentiary

in Florence, Colorado.  Pl.'s Dep. 22:24-25; 23:1-2 (Docket No. 78-1).  The incident took

place on August 17, 2011 after plaintiff was handcuffed and was in the process of being

escorted from his cell by Lieutenant Martin, Officer Nelson, and Case Manager M.

Castro to Martin's office.  Pl.'s Dep. 45:1-25; 47:1-17.

While escorting plaintiff to Martin's office, plaintiff and Martin argued back and

forth.  Pl.'s Dep. 70:4-10.  When they arrived at the glass wall outside of Martin's office,

Martin told plaintiff that he "needed to stop talking back" and "stop being disrespectful."

Pl.'s Dep. 75:1-11.  Martin further told plaintiff to "shut his fucking mouth."  Pl.'s Dep.

72:9-11.  A decision was then made to return plaintiff to his cell.  Pl.'s Dep. 72:17-18.

As the correctional officers escorted plaintiff back to his cell, plaintiff and Martin

continued to argue.  Pl.'s Dep. 74:3-11.  At some point before reaching plaintiff's cell,

the correctional officers physically forced plaintiff to the ground.  Pl.'s Dep. 48:10-12.

The act of forcing plaintiff to the ground, and Martin subsequently placing his knee into

plaintiff's back, constitutes the entirety of plaintiff's assault and battery claim.  Pl.'s Dep.

51:4-25; 52:1-7.

**2. Analysis**

In Colorado, to establish assault, the following elements must be proved: (1) the

defendant acted either with the intent of making a contact with the person of the plaintiff

or with the intent of putting the plaintiff in apprehension of such a contact; (2) the plaintiff

was placed in apprehension of an imminent contact with his or her person by the

conduct of the defendant; and (3) such contact was or appeared to be harmful or

offensive.  Adams v. Corr. Corp. of Am., 187, P.3d 1190, 1198 (Colo. App. 2008).

The elements of battery are similar, except that the contact must have actually

resulted.  Bohrer v. DeHart, 943 P.2d 1220, 1224 (Colo. App.1996); see also White v.

Muniz, 999 P.2d 814, 816 (Colo. 2000) (an actor is subject to liability to another for

battery if he or she acts intending to cause a harmful or offensive contact with the

person of the other or a third person, or an imminent apprehension of such a contact,

and an offensive or harmful contact with the person of the other directly or indirectly

results).

To prove the requisite intent for assault or battery, the plaintiff must establish "dual intent," meaning that "the defendant both intended the contact and intended it to be harmful or offensive." White, 999 P.2d at 818. It is insufficient to only show that the contact appeared to be harmful or offensive (or that it merely resulted in harmful contact), if the evidence does not also establish that the defendant knew and intended, to a substantial certainty, to bring about a harmful or offensive contact. Id.

Although defendant's argument is framed in several different ways, defendant essentially argues that the steps taken by the correctional officers were reasonable in view of plaintiff's "assaultive behavior." Specifically, defendant argues that: (1) faced with an "assaultive inmate," the correctional officers' actions were not objectively harmful or offensive; (2) the correctional officers "only used the amount of force necessary to restrain plaintiff who was admittedly engaging in combative, assaultive behavior;" (3) under Colorado law, the correctional officers had a duty to use reasonable force given plaintiff's assaultive behavior; and (4) under the common law, the correctional officers' actions were privileged in view of plaintiff's assaultive behavior. Defendant, therefore, necessarily asserts that plaintiff's assaultive behavior is an undisputed fact.

Plaintiff's assaultive behavior, which allegedly took place just prior to plaintiff being taken to the ground, is detailed in Martin's Declaration (Docket No. 78-2). Martin states that plaintiff "stopped walking and suddenly turned towards [Martin]." Martin Decl. ¶ 6. Martin further states that the "movement was sudden and as [plaintiff] turned it appeared he was attempting to hit [Martin] with his shoulder." Martin Decl. ¶ 6.

7

In addition to Martin's Declaration, defendant also relies on video evidence to establish plaintiff's assaultive behavior.  The video in question was provided to the court as Exhibit E (Docket No. 78-5) to defendant's Motion for Summary Judgment.  The video is from a color, low resolution camera positioned facing down a long hallway.  The video is two minutes and twenty-four seconds long.  Approximately one minute into the video, four correctional officers can be seen escorting plaintiff towards the camera from the far end of the hallway.  Approximately half way down the hallway, this group turns right, moving out of the camera's view.  A few seconds later the group reenters the camera's view as plaintiff is taken to the ground.  The remainder of the video shows plaintiff being held on the ground while approximately twenty-five additional individuals come to assist the four correctional officers.

In plaintiff's response (Docket No. 88), plaintiff states that "at no time did plaintiff attempt to assault any staff member, by turning his shoulder, nor attempt to spit, or headbutt [Martin]."  Pl.'s Resp. ¶ 4.  In his complaint (Docket No. 1), plaintiff alleges that he was given a "bogus misconduct report" for an attempted assault on Martin in order "to give grounds for [the correctional officers'] use of force."

Furthermore, the court finds that the video relied on by defendant is inconclusive.  At the time plaintiff's assaultive behavior allegedly took place, plaintiff does not appear to be in view of the camera.  Even if plaintiff was in view of the camera, the quality of the video is such that it would be impossible to clearly make out plaintiff's movements.

In its reply, defendant argues that plaintiff's denials as to the alleged assault on Martin (found in plaintiff's complaint and response) are insufficient to create a disputed fact for the purposes of opposing summary judgment.  Defendant argues that

8

"[u]nsupported arguments or conclusory allegations in the complaint are insufficient to avoid summary judgment." Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003).  Defendant suggests that plaintiff must produce "some evidence" to create a dispute of fact, and plaintiff has failed to do so.  The court does not agree.

"[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)."  Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010) (quoting Conaway v. Smith, 853 F.2d 789, 792 (10th Cir. 1988)).  Here, plaintiff's verified complaint contains statements, based on his personal knowledge, that the allegations of his assaultive behavior were fabricated.  Accordingly, plaintiff has produced "some evidence" that directly contradicts statements made in Martin's Declaration, and therefore creates a dispute of fact. Furthermore, the other evidence relied upon by defendant, namely the video, is inconclusive as to any assaultive behavior by plaintiff.  Accordingly, the court must find, viewing the evidence in a light most favorable to plaintiff, that a genuine dispute as to a material fact exists.

## RECOMMENDATION

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket No. 78) be **DENIED.**


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

9

and file specific written objections to the above recommendation with the District

Judge assigned to the case.  A party may respond to another party's objections

within fourteen (14) days after being served with a copy.  The District Judge need

not consider frivolous, conclusive, or general objections.  A party's failure to file

and serve such written, specific objections waives de novo review of the

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

<u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,

91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  September 9, 2013                    s/ Michael J. Watanabe
       Denver, Colorado                     Michael J. Watanabe
                                            United States Magistrate Judge