IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01175-PAB-MJW

GERALD McCOLLUM,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 91] filed on September 9, 2013. The magistrate judge recommends that the Court deny the Motion for Summary Judgment [Docket No. 78] filed by defendant United States.  On September 26, 2013, defendant filed a timely objection [Docket No. 97] to the Recommendation.  Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

Underlying facts are set forth in the Recommendation and will not be restated here.  *See* Docket No. 91 at 4-5.  The Recommendation concluded that, although defendant argued that the correctional officers' actions were reasonable in light of plaintiff's "assaultive behavior," the evidence in the record raised a triable issue of fact as to whether plaintiff's behavior towards corrections officers was assaultive in nature. Docket No. 91 at 8.  As a result, the Recommendation concluded that defendant's

Motion for Summary Judgment on plaintiff's assault and battery claim should be denied.
*Id.*

Defendant objects to the Recommendation on the grounds that (1) the
Recommendation considered facts that plaintiff did not properly raise; (2) plaintiff's
allegations concerning his behavior are contradicted by his deposition testimony and
were improperly considered; and (3) plaintiff's admission that he was verbally
combative entitles defendant to judgment as a matter of law.  Docket No. 97 at 5-10.

## I.  ANALYSIS

### A.  Disputed Facts

Defendant first argues the Recommendation erred by considering facts that
plaintiff did not properly raise in a statement of undisputed facts as required by the
Local Rules.  Docket No. 97 at 5 (citing D.C.COLO.LCivR 56.1(a)).  Second, defendant
argues that the specific statements of material fact in its brief should be accepted as
true due to plaintiff's failure to separately admit or deny each statement of fact.  Docket
No. 97 at 5 (citing Practice Standards (Civil cases), Judge Philip A. Brimmer § F.3.b.iv-
v).

The Local Rules and this Court's Practice Standards are designed to identify the
existence of disputes over genuine issues of material fact.  Rule 56.1 of the Local Rules
requires that summary judgment motions include a statement of undisputed facts.
D.C.COLO.LCivR 56.1(a).  Practice Standard III.F.3.b.iv of this Court requires that a
party opposing summary judgment must admit or deny, in separately numbered
paragraphs, the movant's assertions of material facts.  Practice Standards (Civil cases),

Judge Philip A. Brimmer § III.F.3.b.iv.  "Any denial shall be accompanied by a **brief** factual explanation. . . and a **specific reference** to material in the record supporting the denial."  *Id.* (emphasis in original).  Plaintiff's pro se status does not entirely excuse him from complying with the Local Rules and this Court's Practice Standards.  The Court may not act as a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's filings] or construct a legal theory on [his] behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).  However, in light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall*, 935 F.2d at 1110.

Plaintiff's brief does not include a statement of undisputed facts or specifically admit or deny defendant's statements of fact as required by the Local Rules and this Court's Practice Standards.  *See* Docket No. 88 at 1-2.  Nonetheless, plaintiff's brief makes clear that he disputes any claims that he engaged in assaultive behavior while being escorted back to his cell and disputes that the correctional officers' use of force was reasonable.  Docket No. 88 at 1-2, ¶¶ 3-4.  Accordingly, plaintiff's brief indicates he disputes, at a minimum, the facts defendant alleges in paragraphs 32-34 and the reasonableness of Lieutenant Martin's belief alleged in paragraph 46.  *See* Docket No. 78 at 5-6.  Defendant cannot reasonably claim that it is unaware of plaintiff's position, nor does plaintiff's brief deprive the Court of the ability to determine whether key material facts are in dispute.  In light of plaintiff's pro se status and our legal system's "strong preference for resolving cases on their merits," *see Lee v. Max International,*

3

*LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011), the Court will consider plaintiff's factual allegations in spite of his failure to comply with the Local Rules.  For the same reason, the Court will not consider all of defendant's statements of material fact undisputed for plaintiff's failure to comply with this Court's Practice Standards.  Thus, the Court finds no error with this aspect of the Recommendation.

### B.  Plaintiff's Deposition Testimony

Defendant argues the Recommendation erred in accepting as true plaintiff's allegations that he did not engage in assaultive behavior because such statements are contradicted by plaintiff's deposition testimony.  Docket No. 97 at 7.  The Recommendation concluded that plaintiff's verified complaint contained statements that were sufficient to create a genuine dispute as to whether plaintiff attempted to strike the correctional officers with his shoulder.  Docket No. 91 at 8.  Defendant does not identify, with citation to the record, the portion of plaintiff's deposition testimony that contradicts this evidence.  *See* Docket No. 97 at 7.  Plaintiff's complaint admits that plaintiff was "ordered to shut-up" but "did not comply to shut-up."  Docket No. 1 at 2.  Plaintiff makes similar statements in his deposition.  *See, e.g.*, Docket No. 78-1 at 30, 74:3-19. Accordingly, the Court finds that no sham issues of fact exist based on an inconsistency or contradiction between plaintiff's deposition testimony and the statements in his verified complaint.  Thus, the Court finds no error with this aspect of the recommendation.

### C.  Verbal Altercation

Defendant argues that the Recommendation erred because, even accepting as

true plaintiff's claim that he did not attempt to physically assault a correctional officer, plaintiff's admission that he did not entirely comply with an order to stop talking is sufficient grounds to grant summary judgment. Docket No. 97 at 7.

First, defendant claims that the record contains no evidence of intent on the part of the correctional officers. In Colorado, a plaintiff bringing an assault and battery claim must show that "the defendant both intended the contact and intended it to be harmful or offensive." *White v. Muniz*, 999 P.2d 814, 818 (Colo. 2000). Intent is generally shown through circumstantial evidence; thus, "the jury can determine that the actor had the requisite intent to cause a harmful or offensive contact, even though the actor denies having such thoughts." *Id.* at 817. A reasonable juror could find that Lieutenant Martin intended harmful and offensive contact with plaintiff based on plaintiff's description of the events. *See* Docket No. 78-1 at 21-22, 51:4-52:16; Docket No. 1 at 2. Therefore, Lieutenant Martin's statement that he only intended to gain control over plaintiff is insufficient grounds upon which to grant summary judgment on the issue of intent.[1] *See* Docket No. 78-2 at 4, ¶ 6.

Second, defendant argues that Colorado law provides immunity to correctional officers for assault and battery claims. Docket No. 97 at 10. Pursuant to Colorado statute:

---

[1]In arguing that the correctional officers' use of force was necessary, defendant cites several 42 U.S.C. § 1983 cases. Docket No. 97 at 8-9. These cases are not a basis for granting summary judgment for two reasons. First, to the extent the cited cases turn on constitutional issues, they are unavailing. Second, it is not disputed that a correctional officer is permitted to use reasonable force. However, there is evidence in the record on which a reasonable juror could find that the correctional officers' contact with plaintiff was objectively harmful and offensive even when taking the prison environment into account.

> If an inmate sentenced to any state correctional facility resists the authority of any officer or refuses to obey any officers' lawful commands, it is the duty of such officer immediately to enforce obedience by the use of such weapons or other aid as may be effectual. If in so doing any inmate thus resisting is wounded or killed by such officer or such officer's assistants, such use of force is justified and any officer using such force shall be held guiltless; but such officer shall not be excused for using greater force than the emergency of the case demands.

Colo. Rev. Stat. § 17-20-122; *see also* § 18-1-703(1)(b) (criminal statute authorizing correctional officers to use of reasonable force to maintain discipline).  Both statutes appear to be criminal in nature and defendant cites no authority supporting the application of Colorado criminal statutory protections to suits brought against the United States pursuant to the Federal Tort Claims Act.  Although the Court is aware of no Tenth Circuit cases addressing this issue, the Fifth Circuit has held that state-law statutory privileges apply to claims brought under the FTCA.  *See Villafranca v. United States*, 587 F.3d 257, 264 (5th Cir. 2009) (applying Texas statutory "peace officers" privilege, which justifies the use of force to the extent the peace officer reasonably believes force is necessary).  Assuming, without deciding, that the cited Colorado statutes apply to federal correctional officers, even if the decision to restrain plaintiff was based entirely upon his admitted failure to completely obey a correctional officer's commands to "shut-up," a reasonable juror could find that forcing a handcuffed prisoner to the floor and kneeing him in the back is greater force than that particular emergency demanded.  *See* § 17-20-122.  Thus, summary judgment is inappropriate even if defendant has the benefit of Colorado statutory protections.

Third, defendant argues that the correctional officers acted within a common-law privilege to manage "Federal penal and correctional institutions . . . ."  Docket No. 97 at

6

11 (quoting 18 U.S.C. § 4001).   Defendant's only authority supporting the existence of

such a privilege is *Fienhold v. United States*, 274 F. App'x 708, 710 (10th Cir. 2008),

where the Tenth Circuit, in an unpublished decision, did not disturb a trial court's finding

that police on an Indian reservation were entitled to a common-law privilege under

Wyoming law protecting from liability an officer who uses reasonable force to effectuate

a lawful arrest.   Other courts are willing to apply state common-law privilege to claims

brought under the FTCA.   *See, e.g.*, *Hanson v. United States*, 712 F. Supp. 2d 321,

331 (D.N.J. 2010) (applying New Jersey common-law law enforcement privilege to

actions by federal correctional officers, but denying summary judgment on the issue of

reasonableness).   Defendant fails to identify a similar privilege arising under Colorado

law and *Fienhold* is, by itself, an insufficient basis for the Court to find that a common-

law privilege exists and to apply it to a claim brought under the FTCA.   However, even if

defendant is entitled to a privilege protecting the use of "reasonable force," a

reasonable juror could find that the correctional officers did not use reasonable force

during the alleged incident.   Summary judgment is therefore inappropriate on this basis

and the Court finds no error with this aspect of the Recommendation.

Because neither party objects to the remaining aspects of the Recommendation,

the Court may review the remainder of the Recommendation under any standard it

deems appropriate.   *See Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("[i]t does not

appear that Congress intended to require district court review of a magistrate's factual

or legal conclusions, under a *de novo* or any other standard, when neither party objects

to those findings").   The Court has reviewed the remaining aspects of the

Recommendation and is otherwise satisfied that there is "no clear error on the face of

the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation on Defendant's Motion for Summary

Judgment [Docket No. 91] is **ACCEPTED**.  It is further

**ORDERED** that defendant's Motion for Summary Judgment [Docket No. 78] is

**DENIED**.


DATED February 26, 2014.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge